120 N.J. Super. 536 (1972)
295 A.2d 366
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ORLANDO CALCAGNO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 25, 1972.
Decided October 4, 1972.
*537 Before Judges COLLESTER, LEONARD and HALPERN.
Mr. John P. Russell, attorney for appellant.
Mr. Geoffrey Gaulkin, Hudson County Prosecutor, attorney for respondent (Mr. John J. Hughes, Assistant Prosecutor, on the brief).
PER CURIAM.
After a jury trial defendant was convicted of the unlawful possession of lottery paraphernalia (N.J.S.A. 2A:121-3(b)). He seeks a reversal of his conviction upon the grounds that (a) "Miranda warnings should have been given to [him] prior to interrogation," and (b) "The evidence seized were the fruits of an illegal search and therefore inadmissable." These contentions lack merit.
Defendant was working at the plant of his employer, Western Electric Company, when he was questioned and searched by two special investigators who were also employed by Western Electric. At their request he voluntarily opened his workbench drawer where lottery paraphernalia was found. In addition, he gave them other gambling paraphernalia which he had on his person.
The interrogation by the investigators was not "custodial interrogation" by police or government agents which is proscribed by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), unless appropriate warnings are first given. State v. Kelly, 61 N.J. 283 (1972); see generally, Annotation, "Custodial Interrogation-Miranda Rule," 31 A.L.R. 3d 565 (1970).
So, too, the search by the investigators was not proscribed by the Fourth Amendment to the United States Constitution and Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The cloak of protection furnished by the Fourth Amendment is directed against official arrogance and insolence in office by public agents. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, *538 29 L.Ed.2d 564 (1971); State v. Kelly, supra; State v. De Simone, 60 N.J. 319 (1972); Annotation, "Private Search-Evidence," 36 A.L.R.3d 553 (1971).
Affirmed.