[Crim. No. 13238. Fourth Dist., Div. One. Apr. 14, 1982.]

THE PEOPLE, Plaintiff and Respondent, v.
RAYMOND LEWIS CARTER et al., Defendants and Appellants.

## COUNSEL

Paul Arthur Turner and Donald B. Jones, under appointments by the Court of Appeal, for Defendants and Appellants.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, A. Wells Petersen and Steven H. Zeigen, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Raymond Carter and John Felix Leiva pleaded guilty to conspiring to commit grand theft (Pen. Code, § 182, subd. (1)) after the superior court denied their motions to suppress evidence (Pen. Code, § 1538.5). Both appeal.

Fed-Mart security guard James Crum saw Carter and Leiva take a hose reel out of its box in the Fed-Mart Store. Carter then filled the box with expensive tools, he and Leiva resealed it, and Leiva took it through the store's checkout, pretending to buy the hose reel. Crum arrested Leiva and opened the box to retrieve the tools. Crum later arrested Carter and turned him, Leiva, and the tools over to the police.

■ Carter and Leiva contend the court erred in not suppressing the tools. In *People v. Zelinski* (1979) 24 Cal.3d 357 [155 Cal.Rptr. 575,

594 P.2d 1000], the Supreme Court held evidence seized illegally by private security guards is inadmissible. However, Crum did nothing illegal. He was authorized to arrest Leiva for committing an offense in his presence (Pen. Code, § 837, subd. (1)) and he had a privilege to use necessary force to recapture his employer's property. (See *Silverstin v. Kohler & Chase* (1919) 181 Cal. 51 [183 P. 451, 9 A.L.R. 1177]; 4 Witkin, Summary of Cal. Law (8th ed. 1974) Torts, § 212, p. 2496.) Opening the box to retrieve the tools he saw Carter put there was a permissible exercise of that privilege. Merely because the tools, when seized, were no longer in "plain view," as authorized by Penal Code section 490.5, subd. (e)(3), does not make Crum's retrieving them illegal. Nothing in the wording or legislative history of Penal Code section 490.5, subd. (e)(3) suggests the Legislature intended it to abrogate the common law privilege of recapturing stolen chattels.

Crum's arresting Leiva did not convert his recapturing his employer's goods into a "police-type" search and seizure. Crum did not search for contraband unrelated to protecting his employer's private interests as did the security guards in *Zelinski*. He merely retrieved from the box the items he saw Carter place there. The court properly denied the motion to suppress.

Judgment affirmed.

Cologne, J., and Staniforth, J., concurred.

Appellants' petitions for a hearing by the Supreme Court were denied June 9, 1982.