Louis METIGORUK, Appellant,

v.

MUNICIPALITY OF ANCHORAGE, Appellee.

No. 186.

Court of Appeals of Alaska.

Dec. 17, 1982.

Susan Orlansky, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Scott T. Fleming, Asst. Municipal Prosecutor, Allen M. Bailey, Municipal Prosecutor, and Theodore D. Berns, Municipal Atty., Anchorage, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

■ Louis Metigoruk was convicted of shoplifting. AMC 8.05.550(A). He appeals arguing that a statement he made to a private security guard, employed by the store whose property he allegedly stole, should not have been admitted in evidence against him because the security guard did not give him *Miranda* warnings before questioning him. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The municipality concedes that no *Miranda* warnings were given. The trial court held *Miranda* to be inapplicable to private security guards. Under the circumstances present in this case, we agree. We hold that a private security guard who is not acting as an agent of the police need not give *Miranda* warnings prior to interrogating a suspect he has placed under citizen's arrest. We therefore affirm the judgment of the trial court.

David Young, a security officer employed by the J.C. Penney Company to prevent shoplifting at its Anchorage retail store, saw Louis Metigoruk enter the store on November 2, 1981. Young knew Metigoruk from prior encounters. Young saw Metigoruk remove an electric blanket and a woman's purse from their respective shelves and walk out of the store without paying for them. Young stopped Metigoruk just outside the store. He identified himself as a security guard and advised Metigoruk that he was under arrest for shoplifting and trespassing. Young then escorted Metigoruk to the store's security office.

At the security office, Young retrieved the stolen merchandise which he photographed and tagged as evidence. Young filled out a private person's arrest form, obtained from the police, and a J.C. Penney's apprehension form. He then called the police to request assistance. While awaiting the police, Young asked Metigoruk the following questions, eliciting the statements in issue in this case:

Question by Young: "What were you going to do with the electric blanket?"

Answer by Metigoruk: "Sell it."

Question by Young: "How much can you get for it?"

Answer by Metigoruk: "About ten dollars."

■ The municipality must prove that a self-incriminating statement was voluntary before it can be admitted in evidence against the defendant. A statement is voluntary if it is free from duress, coercion or inducement. *See Stobaugh v. State,* 614 P.2d 767, 771 (Alaska 1980). The trial court found that Metigoruk's statement to Young was voluntary and Metigoruk does not challenge that finding on appeal.

■ *Miranda* establishes additional limitations on the admissibility of self-incriminating statements where someone in police custody is interrogated by law enforcement officers. Before questioning someone in custody, the officer must tell him that he has a right to remain silent, that anything he says may be used against him in court, that he has a right to have an attorney present at questioning, and that if he wishes an attorney but cannot afford one, an attorney will be provided at public expense. Questioning may not continue unless the defendant waives his right to remain silent.

Metigoruk asks us to apply these stricter standards to questioning by store detectives. The cases which have addressed this issue uniformly reject Metigoruk's position. *United States v. Casteel,* 476 F.2d 152, 154–55 (10th Cir.1973); *United States v. Birnstihl,* 441 F.2d 368, 370 (9th Cir.1971); *United States v. Antonelli,* 434 F.2d 335, 337 (2d Cir.1970); *In re Deborah C.,* 30 Cal.3d 125, 177 Cal.Rptr. 852, 635 P.2d 446, 448–50 (1981); *People v. Raitano,* 81 Ill.App.3d 373, 36 Ill.Dec. 597, 599–600, 401 N.E.2d 278, 280–81 (1980); *Silks v. State,* 92 Nev. 91, 545 P.2d 1159, 1161–62 (1976); *State v. Calcagno,* 120 N.J.Super. 536, 295 A.2d 366, 367 (1972); *State v. Bolan,* 27 Ohio St.2d 15, 271 N.E.2d 839, 841–43 (1971).

The California Supreme Court listed the following reasons for not requiring store security guards to comply with *Miranda:* (1) store detectives do not enjoy the psycho-

logical advantage of official authority when they confront a suspected shoplifter; (2) store detectives believe that they must act with greater circumspection to avoid costly civil suits than do police officers, thus, the "compelling atmosphere" inherent in custodial interrogation is diminished; (3) store detectives may only detain those who shoplift in their presence, limiting any motivation they might otherwise have to vigorously seek "confessions"; and (4) if a store detective engages in psychological or physical abuse or provides improper inducements, any resulting statements by a defendant would be involuntary and an exclusionary remedy would be available. *In re Deborah C.*, 635 P.2d at 449–50. Consequently, the California court concluded that the traditional standards governing admissibility of voluntary statements were sufficient to protect a suspect's fifth amendment rights when confronted by a store detective so it was not necessary to extend the greater protections established in *Miranda.* We are persuaded by these reasons and hold that store security guards, unless acting as state agents, need not give *Miranda* warnings before questioning suspects.

■ The cases of *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), *Loveless v. State*, 592 P.2d 1206 (Alaska 1979), *opinion after remand*, 634 P.2d 941 (Alaska App.1981), and *Tarnef v. State*, 512 P.2d 923 (Alaska 1973), are distinguishable. In *Estelle* and *Loveless,* the defendant was required by state authority to submit to a psychological examination. In *Tarnef,* the defendant who was in police custody was interviewed under police aegis by a former policeman employed as a private arson investigator. In all three cases the courts found that the "private citizen" interrogating the defendant was acting as a state agent within the scope of his state agency. Metigoruk does not argue and the facts would not support a finding that his arrest was instigated by the police or that Young was acting as a police agent at the time he questioned Metigoruk.

The judgment of the superior court is AFFIRMED.