Carol JACKSON, Appellant,

v.

STATE of Alaska, Appellee.

No. 6664.

Court of Appeals of Alaska.

Feb. 4, 1983.

Eric L. Hanson, Lynch, Farney & Crosby, Anchorage, for appellant.

Kristen Young, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Carol Jackson was convicted of concealment of merchandise, AS 11.46.220, and assault in the fourth degree, AS 11.41.230(a)(1). She appeals contending that the trial court erred in failing to suppress the property which she allegedly concealed. She argues that the property in question was illegally seized from her purse by a store security guard in violation of the state and federal constitutions. We affirm.

Christian Martin, a security guard employed by Nordstrom Department Store, was engaged in his duties on April 26, when he observed Andrew Walker and Carol Jackson concealing merchandise on their persons. Specifically, he saw Jackson put a women's blazer and skirt in her purse and Walker put two dresses in his pants. Martin approached Walker and Jackson and identified himself as a store security guard. When Jackson and Walker attempted to flee, Martin took Walker by the arm and a scuffle ensued. Jackson jumped on Martin's back and began to pummel him with her purse and then discarded her purse under a display rack. Martin summoned assistance and Jackson and Walker were subdued. During the scuffle, the two dresses were removed from Walker's pants. Subsequently, Jackson's purse was retrieved by store personnel and searched, disclosing the blazer and skirt.

Jackson argues that Martin, while an employee of Nordstrom, a private business, was acting under color of state law in searching her purse and retrieving property from Walker's pants. Since he had no warrant, she continues, the search violated her right to be free from unreasonable searches and seizures under the state and federal constitutions requiring the suppression of the evidence in question. She relies on *People v. Zelinski*, 24 Cal.3d 357, 155 Cal. Rptr. 575, 594 P.2d 1000 (1979).

It is not necessary for us to decide the extent to which the respective constitutions limit searches by private security guards since, if Jackson is correct that Martin should be treated as a peace officer, the concealed property was properly retrieved from Jackson's purse in a search incident to an arrest. Martin observed Jackson and Walker conceal property belonging to Nordstrom on their persons. He thus had probable cause to believe that they were violating AS 11.46.220 and Anchorage Municipal Ordinance 8.05.550(B) in his presence. AS 12.25.030(a)(1). *See Smith v. Municipality of Anchorage*, 652 P.2d 499 (Alaska App.1982) (setting out the elements of these offenses). Assuming that we treat him as a peace officer, authorization to arrest where an arrest actually is made carries with it permission to search for evidence of the offense. *See Hinkel v. Anchorage*, 618 P.2d 1069 (Alaska 1980). In *Hinkel*, permission to search was expressly extended to Hinkel's purse even though it had been seized and was therefore beyond her power to retrieve any weapon or destroy any evidence contained within it. Martin saw the defendants conceal property in Jackson's purse. Under these facts, his search was not unreasonable. *See Dunn v. State*, 653 P.2d 1071 (Alaska App., 1982).

We recognize that the Supreme Court of California in *Zelinski* held that while store security guards acted under color of state law and were therefore subject to constitutional limitations on searches and seizures, they were not police officers and therefore

could not search a person detained for contraband without express statutory authority. The *Zelinski* court noted that California law expressly authorizes those making citizen's arrests to search for weapons but was silent regarding searches for evidence.

We need not decide the extent of a private person's authority to search incident to a citizen's arrest under Alaska law in order to decide this case. *People v. Zelinski* is distinguishable. In *Zelinski,* the store detective searched the defendant and discovered illegal drugs. Zelinski was prosecuted for the possession of those drugs. Here the store detective searched for his employer's merchandise and recovered it. Jackson was prosecuted for the theft of the merchandise. No applicable Alaska statute purports to regulate searches by private persons. *Cf.* AS 11.46.230 (authorized reasonable detention) and AS 12.25.030 (authorizes arrests without a warrant). Thus, the common law would appear applicable. *See* AS 01.10.010. At common law, a merchant has the right to retrieve, by nondeadly force, property illegally obtained from him by force or fraud. *See* Restatement (Second) of Torts, § 100–111. *See* AS 11.81.350(a) (use of nondeadly force permitted in defense of property). Thus, even if we were to follow *Zelinski,* and hold that an arrest and subsequent search by a store security guard of a suspected shoplifter is partly state action and partly private action, we would find Martin's actions, in recovering his employer's property, legal and reasonable and therefore permissible under the state and federal constitutions. Consequently, the merchandise taken from Jackson's purse was admissible in evidence against her. We note that a California appellate court reached the same conclusion on similar facts distinguishing *Zelinski* in this way. *People v. Carter,* 130 Cal.App.3d 690, 181 Cal.Rptr. 867 (1982). Consequently, we need not decide whether a violation of any statutory or common law limitations on searches of suspected shoplifters by merchants would require application of an exclusionary rule. *See Harker v. State,* 637 P.2d 716 (Alaska App.1981) (Alaska Rule of Evidence 412, which bars illegally obtained evidence, applies to evidence seized in violation of constitutional protections. Whether to suppress evidence seized in violation of statute which does not constitute a violation of the constitution as well will be determined on a case-by-case basis).

The judgment of the superior court is AFFIRMED.