**William M. CULLOM, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 7505.

Court of Appeals of Alaska.

Dec. 30, 1983.

Charles R. Pengilly, Asst. Public Defender, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

Kristen Young, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

COATS, Judge.

An unarmed security guard for Fred Meyer, Larry Garcia, saw William Cullom conceal a cologne set on his person. The guard followed Cullom to the store exit, and showed Cullom his security identification. The guard took Cullom to the store's security office, recovered the cologne set, read Cullom his *Miranda* rights, and then frisked Cullom for weapons. The weapons search is apparently a routine procedure.

During the weapons search, Garcia found a glass vial, a syringe and a spoon in Cullom's sock. He also found a concealed shoe polish kit belonging to Fred Meyer. Garcia made out a citizen's arrest report, and then called the police. Residue on the spoon was found to be cocaine. Cullom was charged with possession of cocaine, AS 17.10.010. He moved to suppress the evidence on the basis that it was illegally seized.

Judge Hodges denied the motion, finding that the search was not state action, and therefore not subject to fourth amendment limitations. Even if there were state action, ruled the court, the search was constitutional and reasonable under the circumstances.

Cullom pled guilty and brought this *Cooksey-Oveson* appeal.[1] We conclude that the weapons search which resulted in the seizure of the cocaine was not state action and therefore the actions of the security guard were not subject to the fourth amendment of the United States Constitution or Article I § 14 and Article I § 22 of the Alaska Constitution.

It is clear that private searches are not generally subject to the fourth amendment. *Walter v. United States,* 447 U.S. 649, 656,

1. *Oveson v. Anchorage,* 574 P.2d 801 (Alaska 1978); *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974).

100 S.Ct. 2395, 2401, 65 L.Ed.2d 410, 417 (1980); *Burdeau v. McDowell,* 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048, 1051 (1921); *Bell v. State,* 519 P.2d 804, 807 (Alaska 1974). However, the question of whether a search by a private security guard involves state action was anticipated by, but not decided in, *Jackson v. State,* 657 P.2d 405 (Alaska App.1983). In *Jackson,* the defendant challenged the legality of the seizure of stolen property from her purse by a Nordstrom's security guard. This court noted that:

> It is not necessary for us to decide the extent to which the [state and federal] constitutions limit searches by private security guards since, *if Jackson is correct that [the security guard ] should be treated as a peace officer,* the concealed property was properly retrieved from Jackson's purse in a search incident to an arrest.

*Id.* at 406 (emphasis added). The court's analysis in *Jackson* involved the following considerations. First, the security guard saw Jackson commit a misdemeanor in his presence, *i.e.,* conceal stolen property in her purse. Second, since the crime was committed in the guard's presence, the guard was authorized to arrest Jackson under the Alaska citizen's arrest statute. AS 12.25.-030(a)(1). Third, assuming the security guard is treated as a peace officer, authorization to arrest carries with it *permission to search for evidence of the offense.* Id. at 406.

The *Jackson* decision distinguished between a search for stolen merchandise and a search incident to a shoplifting arrest that results in the discovery of drugs. The *Jackson* court noted that the latter type of search existed in *People v. Zelinski,* 24 Cal.3d 357, 155 Cal.Rptr. 575, 594 P.2d 1000 (1979). In *Zelinski,* a store detective found illegal drugs during his search for stolen goods; the drugs were held to be inadmissible in a state prosecution for possession. Since the *Jackson* search involved a search for stolen merchandise and subsequent recovery of the merchandise rather than the discovery of illegal drugs, the court in *Jackson* did not need to decide whether it con-

curred with the result reached in *Zelinski.* 657 P.2d at 406, 407.

Since this case involves a security guard's search resulting in the discovery of illegal drugs, Cullom relies on *Zelinski.* We now conclude that *Zelinski* is distinguishable from the instant case. The *Zelinski* decision turned in part on particular California statutes that authorized a private person to detain or arrest a person for a crime such as shoplifting. *Zelinski,* 155 Cal.Rptr. at 577–78, 594 P.2d at 1002–03. The limits of the merchant's ability to search were specifically set out in these statutes. A merchant could only search to examine items which he had "reasonable cause to believe are unlawfully taken from his premises *and* which are in plain view." *Id.* 155 Cal.Rptr. at 579, 594 P.2d at 1004. California law also permitted a search for weapons of a person detained for a citizen's arrest. However, the *Zelinski* court specifically did not decide whether a *merchant* could conduct such a search. *Id.* 155 Cal.Rptr. at 579 n. 8, 594 P.2d at 1004 n. 8. In *Zelinski,* the court pointed out that the state did not rely on this statutory authority to search for weapons to justify the search and seizure of drugs. *Id.* In the instant case, the state specifically relies on the weapons search to justify the seizure of the drug-related evidence.

Unlike California law, Alaska statutes which authorize arrest do not expressly deal with any right to search incident to an arrest. AS 12.25.030(a) provides in part as follows:

> *Ground for arrest by private person or peace officer without warrant.* (a) A private person or a peace officer without a warrant may arrest a person
>
> (1) for a crime committed or attempted in his presence;

We believe that it must have been important to the California court that the procedures which the legislature established for merchants to follow in searches incident to an arrest for shoplifting were clearly violated in the *Zelinski* case. We simply do not believe that the law in Alaska is as clear about the proper scope of searches incident

to an arrest. Accordingly, applying the exclusionary rule to a search by a private security guard which the trial court found was reasonable would be inappropriate.[2] We see no reason to depart in this case from the analysis that has formerly been applied to the area of searches by private persons. In *Snyder v. State*, 585 P.2d 229, 231–32 (Alaska 1978), the supreme court held that the actions of an airline employee who conducted a search were not state action. In so holding, the court noted:

> Powledge [the airline employee] was not hired or paid by the police, was not involved in a "joint operation" with the police, and did not open the specific package at the express direction or request of law enforcement authorities.

*Id.* at 232. Similarly, in the instant case, the security guard was not hired or paid by the police and was not acting in any way in concert with the police. We conclude that the search by the security guard was not state action and therefore the exclusionary rule does not apply to his actions. See *Metigoruk v. Anchorage*, 655 P.2d 1317 (Alaska App.1982).

The conviction is AFFIRMED.

---

**2.** We note that Cullom concedes that "if Garcia had been a police officer, his search would have been proper as a search incident to an arrest."