**Arlandra C. UPTON, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2152.**

Court of Appeals of Alaska.

Feb. 5, 1988.

William F. Morse, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Marcia H. Bissell, Asst. Dist. Atty.., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

BRYNER, Chief Judge.

Arlandra C. Upton was convicted following a jury trial of one count of misconduct

involving a controlled substance in the third degree, in violation of AS 11.71.-030(a)(2) (sale of marijuana to a minor). The offense is a class B felony. AS 11.71.-030(b). Because Upton had two previous felony convictions, he was subject to a presumptive term of six years. AS 12.55.-125(d)(2).

Prior to sentencing, Upton established two applicable mitigating factors: that his conduct was among the least serious in its class, AS 12.55.155(d)(9), and that only a small amount of marijuana was involved, AS 12.55.155(d)(14). The state established one aggravating factor: that Upton was on probation when he committed this offense. AS 12.55.155(c)(20).

Relying on the mitigating factors he had established, Upton argued below that his case should be referred to the three-judge panel for imposition of a sentence of less than three years. Alternatively, Upton urged the sentencing court to impose a three-year term—the maximum reduction of the presumptive term permitted without referral to the three-judge panel. Superior Court Judge Ralph E. Moody declined to refer Upton's case to the three-judge panel. Judge Moody sentenced Upton to an adjusted presumptive term of five years. Upton appeals this sentence as excessive. We affirm.

On January 30, 1987, Upton approached two boys, ages fourteen and fifteen, on Fourth Avenue in Anchorage and sold them approximately one-half gram of marijuana for ten dollars. At the time, Upton was thirty-two years of age. He had two prior felony convictions: a 1986 conviction in Alaska for burglary in the second degree, and a 1979 burglary conviction in Illinois. Upton was on probation for the most recent burglary. He had been released on probation after serving a fifteen month jail sentence; the release had occurred less than two months before the current offense.

On appeal, Upton emphasizes that his offense involved only a minuscule quantity of marijuana, a drug that has been designated in the lowest category of controlled substances. Upton argues that in light of these circumstances, the sentencing court gave insufficient emphasis to the mitigated nature of his case. Upton urges us to hold that, at a minimum, the six-year presumptive term should have been reduced to no more than three years.

Upton's argument conflicts with our holding in *Juneby v. State*, 641 P.2d 823 (Alaska App.1982), *modified in part*, 665 P.2d 30 (Alaska App.1983). In *Juneby*, we emphasized the need for moderation in the adjustment of presumptive terms when aggravating and mitigating factors are established:

> Unless the provisions of AS 12.55.155 are adhered to strictly, and unless a measured and restrained approach is taken in the adjustment of presumptive sentences for both aggravating and mitigating factors, then the prospect of attaining the statutory goal of uniform treatment for similarly situated offenders would quickly be eroded, the potential for irrational disparity in sentencing would threaten to become reality, and the revised code's carefully fashioned system of escalating penalties for repeat offenders would be rendered utterly ineffective.

*Juneby*, 641 P.2d at 833.

Here, although Upton was convicted of selling only a small quantity of a schedule VIA controlled substance, the sale appears to have been initiated by Upton and involved two children who were fourteen and fifteen years of age—considerably below the nineteen-year-old threshold for the offense. Upton himself was thirty-two years of age and was a mature and experienced offender. Moreover, the mitigating factors in this case are offset by an aggravating factor—that Upton was on probation. In fact, Upton had been on probation for only a short period of time. He was released after serving a substantial period of time in jail. These considerations are particularly important, because, as Judge Moody correctly noted, they provide a strong indication that Upton's chances for rehabilitation are relatively poor and that a substantial term of imprisonment is necessary for purposes of personal deterrence. *Cf. McReynolds v. State*, 739 P.2d 175 (Alaska App.

1987) (requiring maximum reduction of the applicable first-offense five-year presumptive term for sale of heroin, a class A felony, when the evidence showed that the defendant sold a minute quantity to a friend, without profit, and when the sentencing court expressly found the defendant's conduct to be among the least serious in its class, without any offsetting aggravating factors).

The extent to which a presumptive term should be adjusted in light of aggravating and mitigating factors is a matter within the sound discretion of the sentencing court. We are empowered to reverse the

sentencing court's decision only when it is clearly mistaken. *Juneby v. State*, 641 P.2d at 834. In the present case, having independently reviewed the entire sentencing record, we conclude that the adjusted term of five years is not clearly mistaken.[1]

The sentence is AFFIRMED.

---

1. Because Upton's three-judge panel argument is based solely on the mitigating factors he established below, our decision that the sentence actually imposed is not clearly mistaken necessarily resolves the three-judge panel issue.