**Tracey L. JONES, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2251.**

Court of Appeals of Alaska.

April 14, 1989.

Thomas L. Melaney, McVeigh & Melaney, Anchorage, for appellant.

Tonja J. Woelber, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Tracey L. Jones pled no contest to one count of misconduct involving a controlled substance in the third degree, AS 11.71.-030(a)(1),[1] preserving the right to appeal the denial of her motion to suppress evidence found in her purse during a search conducted by a department store security guard. Superior Court Judge Peter A. Michalski sentenced Jones, a second felony offender, to a presumptive term of four

years. Jones appeals both her conviction and her sentence. We affirm.

On March 13, 1987, Jones stole eight pairs of earrings from Nordstrom's department store in Anchorage. Daniel Aasmundstad, a Nordstrom security guard, saw Jones take the earrings, put them into her shopping bag, and walk out of the store. Aasmundstad followed Jones outside and asked her to return to the store for questioning about the merchandise.

Jones accompanied Aasmundstad to a private office in the store. Aasmundstad immediately called the police and then asked Jones to empty her shopping bag. She complied, and the earrings fell out. Aasmundstad next directed Jones to empty her purse. As the contents of the purse spilled out, Jones grabbed something and attempted to hide it behind her back. Aasmundstad told Jones that he had a right to know what she was concealing. Jones revealed a plastic bag with twelve smaller, sealed bags inside, each containing a white or tan substance. Aasmundstad showed the bags to the police upon their arrival at the store. The police seized the bags as apparent contraband. Laboratory tests revealed that they contained a total of 2.97 grams of crack and .80 grams of cocaine. Jones told the police that she had bought the drugs for her friends but declined to identify either her friends or her supplier. Jones was wearing a beeper, which she later indicated was used for incoming calls to order cocaine.

After being charged with misconduct involving a controlled substance in the third degree, Jones moved to suppress the evidence against her, arguing that Aasmundstad's search of her purse was an unreasonable governmental search. Following a hearing, Judge Michalski denied the motion, finding that there had been no "search," in the legal sense of the word, because there was no government action. The judge further found that even if there had been government action, the search for

---

1. Jones also pled no contest to one count of theft in the fourth degree (shoplifting), AS 11.-46.150, and was sentenced to ninety days with forty-five days suspended. Jones does not challenge her conviction or her sentence on this count.

stolen property would have been reasonable under the circumstances.

On appeal, Jones argues that Aasmundstad's search of her purse violated her constitutional right to be free from unreasonable government intrusion under the fourth amendment of the United States Constitution and Article I, Section 14 of the Alaska Constitution.

■ It is beyond dispute that there must be some involvement by an agent of the state before these constitutional provisions come into play. The United States Supreme Court stated recently that it has "long spoken of the Fourth Amendment's strictures as restraints imposed upon 'governmental action'—that is 'upon the activities of sovereign authority.'" *New Jersey v. T.L.O.,* 469 U.S. 325, 335, 105 S.Ct. 733, 739, 83 L.Ed.2d 720 (1985) (citation omitted). Likewise, the Alaska Constitution protects the private citizen from only those searches conducted under color of law. *Staats v. State,* 717 P.2d 413, 416 (Alaska App.1986).

This court has declined to apply the exclusionary rule to searches by security guards who were neither employees nor agents of the state, and whose actions were not undertaken at government request. *Staats v. State,* 717 P.2d 413; *Cullom v. State,* 673 P.2d 904 (Alaska App. 1983). When a search is motivated by a legitimate private interest, the fact that the government's interest in law enforcement is also advanced does not convert the search into state action. *See Snyder v. State,* 585 P.2d 229, 232 & n. 5 (Alaska 1978); *Staats,* 717 P.2d at 416–17.

In the present case, Aasmundstad was acting as the agent of his employer, Nordstrom, in searching Jones. Nordstrom had a legitimate private interest in recovering stolen merchandise. It is undisputed that Aasmundstad was looking for stolen merchandise, not for drugs, when he searched Jones' purse. Aasmundstad contacted the police before he had any reason to suspect he would find drugs on Jones. Given these circumstances, there is not the slightest evidence that Aasmundstad was acting at the behest of the government. The fact

that in pursuing this interest a government interest was also advanced does not convert the search into state action.

Nonetheless, Jones argues that Aasmundstad was "undertaking a public function" and "utilizing the coercive power of the state to further a state interest" by searching her purse and detaining her until the police arrived. Jones bases her argument on *People v. Zelinski,* 24 Cal.3d 357, 155 Cal.Rptr. 575, 594 P.2d 1000 (1979), in which a search conducted by a private security guard was held to be constitutionally invalid.

In *Zelinski,* a store security guard observed defendant Zelinski place merchandise in her purse and leave the store. The guard apprehended Zelinski and searched her purse, discovering illegal drugs. As a result, Zelinski was charged with and convicted of unlawful possession of heroin.

Relying on California statutory law, the California Supreme Court found that the security guard's search of Zelinski's purse was illegal. Under California law, a private citizen is only authorized to conduct a weapons search upon arresting another person. Cal.Pen.Code § 846. Another California statute authorizes a merchant detaining a shoplifting suspect to examine only that merchandise which the merchant believes to have been stolen and which is in plain view. Cal.Pen.Code § 490.5. The security guard's search of Zelinski's purse for concealed merchandise thus exceeded the scope of a lawful search by a private citizen.

Relying on the same statutes, the *Zelinski* court further reasoned that a security guard who arrests and searches a suspected shoplifter, or who detains a suspect for delivery to the police, is acting "pursuant to statutory authority to promote a state interest in bringing offenders to public accounting," and that the exclusionary rule is the appropriate means for enforcing the proper exercise of that statutory authority. 155 Cal.Rptr. at 581–582, 594 P.2d at 1006–07.

In both *Jackson v. State,* 657 P.2d 405 (Alaska App.1983) and *Cullom v. State,*

673 P.2d 904 (Alaska App.1983), we were invited to adopt the reasoning of the California court in *Zelinski*. In both cases, we found it unnecessary to determine whether evidence discovered during a private search is ever subject to suppression, because we found the underlying searches to be reasonable. Similarly, we find that Aasmundstad's search of Jones' purse was a reasonable private search.

As we have noted in previous cases, unlike California, Alaska has no statute delineating the right to search incident to an arrest by a private citizen. *See* AS 12.25.-030(a) (authorizing arrest by a private citizen). However, we have recognized a merchant's common law right "to retrieve, by nondeadly force, property illegally obtained from him by force or fraud." *Jackson*, 657 P.2d at 407 (citing Restatement (Second) of Torts, §§ 100–111). Because of the lack of statutory guidance for permissible searches by private citizens, we have upheld such searches when the trial court found them to be "reasonable." *Cullom*, 673 P.2d at 906; *Jackson*, 657 P.2d at 407.

In *Jackson*, a Nordstrom security guard observed the defendant concealing merchandise in her purse. We found that the security guard's subsequent search of Jackson's purse for stolen merchandise was reasonable, regardless of whether the security guard was considered a government agent or a private citizen. If the security guard were treated as a police officer, the search would be justifiable as a search incident to arrest. *Jackson*, 657 P.2d at 406. *See also Hinkel v. Anchorage*, 618 P.2d 1069, 1071 (Alaska 1980) (stating that purses are "items immediately associated with the person of the arrestee," and may therefore be searched incident to arrest). Alternatively, if the security guard were treated as a private citizen for the purpose of determining the legality of the search, the search would be a reasonable exercise of the merchant's common law right to recover stolen property. *Jackson*, 657 P.2d at 407.

In *Cullom*, a store security guard arrested a man whom he had observed concealing merchandise on his person, and conducted a search for weapons. During the search, the guard discovered a spoon with cocaine residue in the man's sock. In the subsequent prosecution for possession of cocaine, Cullom's motion to suppress the evidence on the ground that it had been illegally seized was denied. In affirming, we emphasized that the law in Alaska concerning the proper scope of searches incident to arrest is unclear, and that therefore "applying the exclusionary rule to a search by a private security guard which the trial court found was reasonable would be inappropriate." *Cullom*, 673 P.2d at 905–06.

In the present case, the trial court found that the security guard's search of Jones' purse was a reasonable search for contraband incident to arrest. The court found that Aasmundstad, having observed Jones concealing small items of merchandise in her shopping bag, could reasonably have believed that she had concealed similar merchandise in her purse. In so ruling, the court noted that the search would have been permissible had it been conducted by the police.

We find that the trial court did not err in upholding the search as reasonable. Aasmundstad's search of Jones' purse was a reasonable exercise of the merchant's common law right to retrieve stolen merchandise. *See Jackson*, 657 P.2d at 407. The fact that in this case the security guard discovered illegal drugs, whereas in *Jackson* only stolen merchandise was discovered, does not convert the search into an impermissible search. Moreover, given the lack of guidance governing private searches, we find that it would be inappropriate to suppress evidence that would have been admissible had it been discovered by a police officer.

Because we conclude that the search was reasonable, we need not determine whether a private search which exceeds the limits of a permissible police search would ever require application of the exclusionary rule. We do note, however, that *Zelinski* is no longer followed in California. In 1982, the California constitution was amended by means of a ballot proposition limiting the exclusion of illegally obtained evidence.

The California Supreme Court has interpreted the amendment "to permit the exclusion of relevant, but unlawfully obtained evidence, only if exclusion is required by the United States Constitution." *In re Lance W.*, 37 Cal.3d 873, 210 Cal.Rptr. 631, 642, 694 P.2d 744, 755 (1985).

■ Jones also challenges her sentence as excessive. Jones' claim is based, in part, on her contention that the trial court erred in rejecting a proposed mitigating factor: that Jones' conduct was among the least serious conduct included in the definition of the offense. AS 12.55.155(d)(9).

Prior to sentencing, Jones, a second felony offender, established one statutory mitigating factor: that Jones' offense involved only small quantities of a controlled substance. AS 12.55.155(d)(14). The state established one statutory aggravating factor: that Jones was on probation at the time of the offense. AS 12.55.155(c)(20).

Judge Michalski rejected the least serious conduct mitigating factor, suggesting that despite the small quantities of drugs involved, Jones' conduct could potentially have caused a great deal of harm. The judge observed that the drugs were packaged in twelve separate bags, including nine bags of crack, and that crack is well-known to be a highly addictive substance. Moreover, at the time of her arrest, Jones was wearing a beeper for incoming drug orders. Because these facts indicate that Jones was involved in frequent drug transactions, the trial court was entitled to reject Jones' claim that her conduct was among the least serious in its class.

The sentencing court concluded that the established aggravating factor, that Jones was on probation, and the established mitigating factor, that a small quantity was involved, virtually balanced each other out, and therefore declined to either enhance or reduce the presumptive term. As we noted in *Juneby v. State*, 641 P.2d 823, 833 (Alaska App.1982), *modified in part*, 665 P.2d 30 (Alaska App.1983), "a measured and restrained approach [should be] taken in the adjustment of presumptive sentences for both aggravating and mitigating factors...." Particularly in light of the evidence that Jones was involved in regular drug transactions, we find that the sentencing court could reasonably have determined that the fact that only a small quantity was involved was balanced out by the fact that Jones was on probation.

■ Jones also argues that her sentence is excessive in comparison to the sentences received by similar offenders. According to Jones, our previous opinions have established that a sentence exceeding two years is inappropriate for small retail drug transactions. Jones overlooks the fact that we have only applied the two-year limitation to first felony offenders, not second felony offenders like Jones. *See, e.g., McReynolds v. State*, 739 P.2d 175 (Alaska App. 1987).

■ Jones also relies on *Upton v. State*, 749 P.2d 386 (Alaska App.1988), in which we held that a sentence of six years with one year suspended is not excessive for a third felony offender convicted of one count of misconduct involving a controlled substance in the third degree (sale of marijuana to minors). Prior to sentencing, Upton established two mitigating factors: that his conduct was among the least serious in its class, AS 12.55.155(d)(9), and that only a small amount of marijuana was involved, AS 12.55.155(d)(14). Upton, like Jones, was on probation when he committed the offense.

Jones argues that because Upton received less than the presumptive term, she too is entitled to have her sentence reduced. However, in *Upton*, we did not determine whether an unsuspended presumptive term of six years would have been excessive. Moreover, in *Upton* two mitigating factors were considered in reducing the presumptive sentence, whereas only one mitigating factor was established in the present case.

The extent to which a presumptive term should be adjusted is a matter committed to the discretion of the sentencing court. We find that imposition of the presumptive term in this case was not clearly mistaken.

The conviction and sentence are AF-FIRMED.