**Byran B. PEROTTI, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3679.**

Court of Appeals of Alaska.

Oct. 4, 1991.

Marcia E. Holland, Asst. Public Defender, Fairbanks, and John B. Salemi, Public Defender, Anchorage, for appellant.

Shelley K. Chaffin, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

BRYNER, Chief Judge.

Byran B. Perotti was convicted by a jury of attempted escape in the first degree and assault in the third degree. Superior Court Judge Mary E. Greene sentenced him to three and one-half years for the attempted escape and one and one-half years for the assault, to be served consecutively. Perotti appeals, arguing that there was insuffi-

cient evidence to support his conviction on the assault charge and that his sentences are excessive. We affirm.

On October 13, 1989, while awaiting sentencing for unrelated charges, Perotti attempted to escape from the Fairbanks Correctional Facility. Perotti managed to conceal himself on the roof, but Correctional Officer Larry Newman detected movement and became suspicious. Newman began to unsling his assault rifle and reach for his radio, but Perotti jumped him first, knocking the radio out of reach and the officer to the ground. Newman fell face down on the rifle. Perotti pummeled Newman about the face, knocked his glasses off, and tried to pry the rifle away. Newman feared that "the only ... reason he's up there trying to get the rifle was to kill me." He yelled for help and struggled to prevent Perotti from getting the rifle. Perotti was stronger than Newman, however; Newman believed that, unless help arrived, Perotti would succeed in taking the rifle.

After Perotti and Newman struggled for a short while, Newman's parka rode up, exposing a pistol he carried on his belt. Perotti took the pistol and pushed himself away, pointing it at Newman. Newman was not afraid, however, because he knew the pistol was unloaded. Newman attempted to fire a warning shot with his rifle, but saw that its magazine had come out during the struggle. Perotti then noticed that the pistol he had taken from Newman was unloaded. He apologized to Newman and surrendered himself.

The state thereafter charged Perotti with violating AS 11.41.220(a)(1), which provides:

(a) A person commits the crime of assault in the third degree if that person recklessly

(1) places another person in fear of imminent serious physical injury by means of a dangerous instrument[.]

The state's theory was that Perotti placed Newman in fear of imminent serious physical injury by means of the rifle.[1]

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. The state did not base the charge on Perotti's use of Newman's pistol, since Newman knew

On appeal, Perotti contends that the trial court erroneously denied his motion for a judgment of acquittal on the assault charge. Perotti argues that he could not have placed Newman in fear "by means of" the rifle, since he never managed to take it away from Newman.

Perotti cites no authority directly supporting his claim. His argument simply assumes that actual possession is a prerequisite to the commission of an assault "by means of" a dangerous instrument. Existing case law does not appear to bear out this assumption.

Under comparable circumstances, the Nebraska Supreme Court upheld the conviction of two assailants who had struggled with an arresting officer for control of the officer's gun without actually obtaining possession of it. *State v. Lewis,* 184 Neb. 111, 165 N.W.2d 569 (1969). The applicable Nebraska statute provided that any person who "uses a deadly or dangerous weapon" in committing an assault upon an officer was guilty of a felony. *Id.* 165 N.W.2d at 572 (quoting R.R.S.1943, § 28–729.01, R.S.Supp., 1967). The *Lewis* court squarely rejected the claim that actual possession was a prerequisite to the use of a dangerous weapon:

> [T]he defendants' theory is that the frustration by the police officers of their attempt to get final and complete control and the use of the gun should now be considered as a defense. Exclusive control of a weapon and either the firing or the threat are not elements required under the terms of the statute. To place such a construction on the statute would be irrational and emasculate its obvious purpose.

*Id.* at 573.

In *State v. Hill,* 298 Or. 270, 692 P.2d 100, 105 (1984), the Oregon Supreme Court gave a similar interpretation to ORS 163.165(1)(a), a statute that served as a model for Alaska's third-degree assault statute. The Oregon statute provided:

> (1) A person commits the crime of assault in the third degree if he:

the pistol was unloaded and was not placed in

> (a) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon[.]

692 P.2d at 102 (quoting ORS 163.165(1)(a)). Hill was convicted under this provision after a passenger in his car sustained injuries in an accident caused by Hill's reckless driving. In affirming the conviction, the Oregon Supreme Court held that Hill could be found guilty of committing an assault "by means of" a dangerous instrument (his car) even though he had never actually directed the instrument at the victim of the assault.

In the present case, Perotti was subject to conviction under AS 11.41.-220(a)(1) if the state proved that he recklessly placed Newman in fear of imminent serious physical injury by means of the rifle that Newman carried. Newman testified at trial that he was engaged by Perotti in a physical struggle over the gun. Newman believed that Perotti was about to succeed in his efforts to gain control of the weapon. He feared that Perotti would shoot him to make good the attempted escape.

Under the circumstances, the evidence was sufficient, when viewed in the light most favorable to the state, to allow reasonable jurors to conclude that Newman had been placed in imminent fear of being shot by Perotti with the rifle. The evidence was also sufficient to support the conclusion that Perotti acted recklessly with regard to the likelihood that his actions would place Newman in fear of suffering imminent serious physical injury from the rifle. Since reasonable jurors could differ on the issue of whether the state had proved Perotti's guilt beyond a reasonable doubt, the trial court did not err in denying the motion for a judgment of acquittal. *Hentzner v. State,* 613 P.2d 821, 823 (Alaska 1980).

Perotti next claims that his sentence is excessive. He argues that the court erred in the emphasis it gave to the injuries Newman suffered. Perotti does not argue that the court erred in finding an aggravat-

fear.

ing factor based on Newman's injuries. He contends only that this factor should not have been relied upon as a basis for actually increasing the one-year presumptive term for assault to one and one-half years. According to Perotti there was no need to increase the applicable presumptive term because the threat he posed to Newman was merely conditional and unrealized. To the extent that Newman actually suffered injury, however, Perotti's assaultive conduct was neither conditional nor unrealized. Newman's injuries could thus properly be relied upon by the sentencing court as a basis for adjusting the presumptive term. We cannot say that the relatively modest, six-month enhancement in this case was clearly mistaken. *Upton v. State*, 749 P.2d 386, 388 (Alaska App.1988).

 Perotti next suggests that the sentencing court erred in imposing his assault and attempted escape sentences consecutively. He complains that "no good reason existed for imposing a composite sentence which exceeded the four year presumptive sentence for the attempted escape conviction." However, Judge Greene found that deterrence and community condemnation justified the imposition of consecutive sentences. Judge Greene's finding is sufficient to establish good cause for the imposition of consecutive sentences. *See Farmer v. State*, 746 P.2d 1300, 1301–02 (Alaska App.1987).

Having independently reviewed the entire sentencing record, we cannot conclude that Perotti's composite sentence of five years was clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The conviction and sentence are AFFIRMED.

MANNHEIMER, J., not participating.