STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. ROBERT COMBARIATI, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 19, 1983—Decided November 2, 1983.

Before Judges J.H. COLEMAN and GAULKIN.

*Aronsohn & Springstead,* attorneys for appellant (*Harold N. Springstead* on the brief).

*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney for respondent (*Arlene R. Weiss,* Deputy Attorney General, on the brief).

PER CURIAM.

Defendant was found guilty by a jury of two counts of theft (*N.J.S.A.* 2C:20–3(a)). The convictions were based upon proofs

that defendant stole a purse which contained $400 in cash and a bottle of Tranxene pills, a controlled dangerous substance. At sentencing, the trial judge merged the theft of the cash, a fourth-degree offense (*N.J.S.A.* 2C:20–2(b)(3)), into the Tranxene theft conviction, a third-degree offense (*N.J.S.A.* 2C:20–2(b)(2)(c)), and imposed a custodial term of four years.

On this appeal defendant urges, as he did in the trial court, that he cannot be found guilty of theft of the Tranxene absent a showing that he was aware of the presence of the controlled dangerous substance in the purse which he stole. That contention was rejected by Judge Minuskin in his jury charge and again on defendant's post-trial motions. Substantially for the reasons expressed by Judge Minuskin in his opinion, reported at 186 *N.J.Super.* 375 (Law Div.1982), we affirm the conclusion that the conviction for theft of a controlled dangerous substance did not require proof that defendant knew the substance was in the purse.

In light of that determination, we must also reject defendant's contention that the third-degree Tranxene theft should have been merged into the fourth-degree theft of cash. *Cf. State v. Reed,* 183 *N.J.Super.* 184 (App.Div.1982), certif. den. 91 *N.J.* 228 (1982). We need not determine whether the theft of the purse itself was "from the person of the victim" and thus a third-degree offense regardless of the nature or value of its contents. See *N.J.S.A.* 2C:20–2(b)(2)(d).

Defendant raises the following additional points on the appeal:

POINT II.

The uncorroborated testimony of a victim as to the value of contents of a purse is insufficient to establish guilt beyond a reasonable doubt.

POINT III.

Numerous trial errors require a new trial as to all issues.

POINT IV.

Defendant's sentence was excessive and based upon improper considerations.

POINT V.

The search of defendant's vehicle and seizure of a bottle of pills was unlawful.

POINT VI.

Defendant was not an accomplice and the court's charge constituted prejudicial error.

POINT VII.

The entire verdict was against the weight of the evidence.

Our review of the record and the briefs satisfies us that each of these issues is clearly without merit. *R.* 2:11–3(e)(2).

The judgment of conviction is affirmed.