236 N.J. Super. 6 (1989)
563 A.2d 1141
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ELIAS TORRES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 14, 1989.
Decided June 15, 1989.
Before Judges PRESSLER, O'BRIEN and STERN.
McAlevy & Costello, attorneys for appellant (Patricia K. Costello on the brief).
Peter N. Perretti, Jr., Attorney General, attorney for respondent (Sandra M. Iammatteo, Deputy Attorney General, of counsel and on the brief).
The opinion of the court was delivered by STERN, J.A.D.
This appeal requires us to decide whether the State must prove defendant's knowledge of the quantity of the drugs he possessed in order to sustain a conviction for first degree possession with intent to distribute a controlled dangerous *7 substance (C.D.S.) under N.J.S.A. 2C:35-5a. While we hold that the defendant's knowledge of the quantity of the drugs he possesses is not an element of the offense and, therefore, that the State need not prove defendant's knowledge of the quantity of the drugs so long as it proves beyond a reasonable doubt that defendant knowingly possessed the controlled dangerous substance, we nevertheless reverse this conviction on other grounds.
Defendant was indicted as a first degree leader of a narcotics trafficking network, N.J.S.A. 2C:35-3 (count one); first degree possession with intent to distribute cocaine in a quantity of 5 ounces or more with at least 3.5 grams of pure free base, N.J.S.A. 2C:35-5a(1), 35-5b(1) (count two); first degree distribution of cocaine in a quantity of 5 ounces or more with at least 3.5 grams of pure free base, N.J.S.A. 2C:35-5a(1), 35-5b(1) (count three); second degree employing a juvenile in a drug distribution scheme, N.J.S.A. 2C:35-6 (count four); second degree conspiracy to distribute and/or to possess with intent to distribute cocaine, N.J.S.A. 2C:5-2, 35-5a(1), 35-5b(1) (count five), and third degree possession of cocaine, N.J.S.A. 2C:35-10a(1) (count six).
The third count was dismissed before trial, and following trial by jury defendant was acquitted on the first count but convicted on the remaining charges. Counts five and six were merged into count two for sentencing, and on that count (first degree possession with intent to distribute cocaine in excess of 5 ounces with at least 3.5 grams of pure free base), defendant was sentenced to the custody of the Commissioner of the Department of Corrections for fifteen years with seven years to be served before parole eligibility. On count four (second degree employing a juvenile in a drug distribution scheme), he was sentenced to a seven year term with five years before parole eligibility to be served consecutively to the term imposed on count two.[1] In addition to the aggregate twenty-two year sentence, with twelve years to be served before parole eligibility, mandatory Violent Crime Compensation Board, Drug Enforcement and Demand Reduction, and Laboratory Forensic Examination Penalties were imposed, and defendant's driver's license was suspended for twenty-four months.

*8 I.
Defendant does not contest either the sufficiency of the evidence or any evidentiary ruling during trial. We, therefore, need not detail the evidence introduced against him at trial. Suffice it to say that as a result of cooperation by another person previously arrested, an undercover police officer made a controlled drug purchase from defendant. As the drugs and money were about to be exchanged defendant and his girlfriend were arrested. Her handbag contained a package of cocaine. Test results performed at the New Jersey State Police Laboratory revealed that the package contained 998.2 grams of cocaine and that the cocaine contained 77.7% free base, totalling 775.2 grams of pure free base cocaine. No issue is addressed to the testimony respecting the laboratory results.

II.
[At the court's request this point is not included in the published opinion. It includes a lengthy factual recitation of the unique facts leading to the conclusion that the jury was coerced into returning a verdict on the night of May 5, 1988.
In Point II, the court noted that in response to a question from the jury on May 3, 1988, the judge told the jury:
[l]et the record reflect I have received another note from the jury, concerning charge number two, which is a charge of possession of cocaine with intent to distribute, did the defendant have to know that he had at least five ounces with at least 3.5 grams of the pure free base drug prior (as opposed to after) the arrest to be found guilty of this charge and the answer is absolutely yes. The knowledge must exist at the time of the possession. At the time of his arrest, he was dispossessed of the drugs they were taken from him. So in order to be convicted of possession, possession with intent to distribute, it must be shown that at the time he possessed, namely prior to his arrest, that he knew that he had at least five ounces with at least 3.5 grams of the pure free base drug and, again, as I indicated to you, we deal with inferences.
Did he know that this bag was over five ounces or not? It is not necessary that the State produce some witness who comes and says, hey, Mr. Torres, this is over five ounces, or this is the purity. These are inferences that you may draw as well as direct evidence. You consider all of the circumstances. But the answer to your question is, yes, this knowledge must exist prior to the arrest. Not after.
The next morning, on Thursday, May 5, 1988, the Assistance Prosecutor indicated that he had made a mistake in agreeing that the defendant had to know the quantity of substances possessed, and the judge stated that he also thought that his charge was in error. The judge then indicated that he was going to reinstruct the jury in response to its question of the prior afternoon, and defense counsel objected to the court's *9 change of position and to reopening the matter under the circumstances. Defendant thereupon moved for a mistrial and directed verdict of acquittal, which were denied.
The jury then entered the courtroom at which time the judge told the jury:
THE COURT: I have gotten two more notes from the jury. I have to go back to one note you gave me last night. I gave you an answer, which is not correct and I'll have to correct myself and that is with respect to note C-4.
You asked that with respect to charge two, which is the charge of possession of cocaine with intent to distribute whether or not the defendant had to know that he had at least five ounces with at least 3.5 grams of pure free base drug prior as opposed to after his arrest and I told you he had to know prior.
That's an incorrect answer.
It is not necessary that the defendant know how much he had or what its quality. He's bound by the circumstances and facts as adduced by the proofs and whether he knew it or not, he can be found guilty. If you find there is more than five ounces, then he's bound by that. If you find that the purity was at least 3.5 grams of pure free base, he's bound by that, if that's what the evidence discloses, whether he knew it or not.
So I correct myself in that respect. I guess it was late at night and we were getting tired.]

III.
Because the matter must be retried, we proceed to a consideration of the significant issue relating to whether the jury had to find that the defendant knew the quantity and quality of the drugs he possessed. The trial judge, after initially charging the jury that he did, ultimately advised the jury that he did not.
As noted, defendant was convicted of "knowingly or purposely possess[ing] with intent to distribute Cocaine, in a quantity of 5 ounces or more with at least 3.5 grams of the pure free base drug, contrary to the provisions of N.J.S.A. 2C:35-5a(1) and N.J.S.A. 2C:35-5b(1)...." The offense was alleged to have occurred on July 9, 1987. On that date, N.J.S.A. 2C:35-5 provided, in pertinent part:
a. Except as authorized by P.L. 1970, c. 226 (C. 24:21-1 et seq.), it shall be unlawful for any person knowingly or purposely:
(1) To manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog. .. .
........
b. Any person who violates subsection a. with respect to:
(1) Heroin or its analog, or coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative or preparation thereof which is chemically equivalent or identical with any of these substances, *10 or analogs, except that the substances shall not include decocainized coca leaves or extractions which do not contain cocaine or ecogine, in a quantity of five ounces or more including any adulterants or dilutants, provided there are included at least 3.5 grams of the pure freebase drug, is guilty of a crime of the first degree. The defendant shall, except as provided in N.J.S. 2C:35-12, be sentenced to a term of imprisonment by the court. The term of imprisonment shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, during which the defendant shall be ineligible for parole. Notwithstanding the provisions of subsection a. of N.J.S. 2C:43-3, a fine of up to $300,000 may be imposed....
N.J.S.A. 2C:35-5a and 2C:35-5b(2) provided that manufacturing, distributing, dispensing or possessing with intent to manufacture, distribute or dispense a substance referred to in N.J.S.A. 2C:35-5b(1) "in a quantity of one-half ounce or more but less than five ounces, including any adulterants or dilutants, provided there are included at least 3.5 grams of the pure free base drug," constituted a crime of the second degree. N.J.S.A. 2C:35-5b(3) made it a crime of the third degree when the quantity is less than one-half ounce, one-half ounce or more but with less than 3.5 grams of the pure free base drug or where the amount of the pure free base is undetermined. N.J.S.A. 2C:35-5b(4) and (5) also involved possession of certain narcotic drugs with a qualitative distinction with respect to having more or less than 3.5 grams of pure free base. After the offense in this case occurred, the legislature amended N.J.S.A. 2C:35-5b to exclude reference to the quality and quantity of the pure free base drug, but retained the overall quantity distinctions for purposes of degree or classification.[2] Thus, the issue that we face herein is significant with respect to offenses occurring after the effective date of the amendment of 2C:35-5, June 28, 1988, see L. 1988, c. 44, § 2, as well as after the effective date of *11 the Comprehensive Drug Reform Act, on July 9, 1987, the date of the present offense. See L. 1987, c. 106, § 1, effective June 22, 1987, operative July 9, 1987.
The law in this State is clear that, under the Code of Criminal Justice, the jury must find beyond a reasonable doubt the existence of critical facts required to elevate the degree or gradation of crime. See, e.g., State v. Federico, 103 N.J. 169 (1986) (State has the burden of proving the factor which elevates kidnapping from second degree to first degree crime); State v. Catlow, 206 N.J. Super. 186, 194-195 (App.Div. 1985), certif. denied, 103 N.J. 465 and 466 (1986) (indictment must either charge facts or statutory language constituting offense sufficient to put defendant on notice of first degree charge); State v. D'Amato, 218 N.J. Super. 595, 604-605 (App.Div. 1987), certif. denied, 110 N.J. 170 (1988) (requiring the fact-finder to determine the amount involved in a theft for grading purposes); State v. Burks, 188 N.J. Super. 55, 60 (App.Div. 1983), certif. denied, 93 N.J. 285 (1983) (in theft offense jury must make finding of value for purposes of gradation). In fact, N.J.S.A. 2C:35-5c provides
Where the degree of the offense for violation of this section depends on the quantity of the substance, the quantity involved shall be determined by the trier of fact. Where the indictment or accusation so provides, the quantity involved in the individual acts of manufacturing, distribution, dispensing or possessing with intent to distribute may be aggregated in determining the grade of the offense, whether distribution or dispensing is to the same person or several persons, provided that each individual act of manufacturing, distribution, dispensing or possession with intent to distribute was committed within the applicable statute of limitations.[3]
The inclusion of this section is of significance, as is the inclusion of 2C:20-2b(4) as part of N.J.S.A. 2C:20-2 relating to the gradation of theft offenses. If the quantity or quality of the substances possessed or the value of the goods stolen were an element of the offense, these provisions would not be necessary because of the State's constitutional and statutory obligations *12 to prove all elements by proof beyond a reasonable doubt. See Mullaney v. Wilbur, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); In re Winship, 397 U.S. 358, 361-364, 90 S.Ct. 1068, 1071-1073, 25 L.Ed.2d 368, 373-375 (1970); State v. Federico, supra; State v. Ingram, 98 N.J. 489 (1985); N.J.S.A. 2C:1-13a. See also and compare State v. Stewart, 96 N.J. 596, 606-607 (1984) (fact relevant for sentencing, not elements of offense, need not be proved beyond reasonable doubt); State v. Combariati, 186 N.J. Super. 375 (Law Div. 1982), aff'd, 192 N.J. Super. 131 (App.Div. 1983).[4]
N.J.S.A. 2C:35-5a and b are structured similarly to 21 U.S.C. §§ 841(a) and (b) of the federal Controlled Substances Act, 21 U.S.C. § 801, et seq. The only linguistic differences between the federal and state statutes are that subsection (b) of the federal statute is specifically entitled "Penalties," and indicates that "any person who violates subsection (a) of this section shall be sentenced as follows," and thereafter states the specific penalty to be applied upon conviction for violation of subsection (a). While the federal statute does not embody different grades or classification of offense based on quantity or quality, those factors do affect the maximum sentence, and the federal cases have generally held that quantity and quality necessary for determination of the penalty under 21 U.S.C. § 841(b) are not elements of the offense. See, e.g., United States v. Morgan, 835 F.2d 79, 81 (5th Cir.1987); United States v. Wood, 834 F.2d 1382, 1388 (8th Cir.1987); United States v. Gibbs, 813 F.2d at 599-601; United States v. Normandeau, 800 F.2d 953, 956 *13 (9th Cir.1986); United States v. McHugh, 769 F.2d 860, 868 (1st Cir.1985); cf. State v. Combariati, supra (actor's knowledge of value or nature of item stolen relevant for grading not element of the offense).
Accordingly, we hold that in prosecutions under N.J.S.A. 2C:35-5 the jury must find that defendant manufactured, distributed, dispensed or possessed the relevant quantity or quality of C.D.S. by proof beyond a reasonable doubt. However, we further hold that the quantity and quality are not elements of the offense and, therefore, the State need not prove and the jury need not find that the defendant knew the quantity or the quality of the controlled dangerous substances involved. See N.J.S.A. 2C:2-2b and c. Of course, the Code's definition of possession, N.J.S.A. 2C:2-1c, and its culpability requirements, N.J.S.A. 2C:2-2, must be proven beyond a reasonable doubt, and the State has the burden of proving that the defendant purposely or knowingly violated the relevant provision of N.J.S.A. 2C:35-5.

IV.
For the reasons stated in Point II, the judgment is reversed, and the matter is remanded for a new trial.
NOTES
[1] A person who is at least eighteen years of age and who knowingly uses, solicits, directs or hires a person seventeen years of age or younger to violate N.J.S.A. 2C:35-5a must receive a custodial sentence and serve between one-third and one-half of that sentence or five years, whichever is greater, before parole eligibility. See N.J.S.A. 2C:35-6. No issue is raised with respect to the sentence imposed.
[2] N.J.S.A. 2C:35-5 was enacted as part of the Comprehensive Drug Reform Act, L. 1987, c. 106, § 1, which became effective June 22, 1987 and operative on July 9, 1987, the date that the offense at issue here was committed. Subsequently, the provisions of N.J.S.A. 2C:35-5b were amended by L. 1988, c. 44, § 2, effective June 28, 1988, which deleted the provisions of paragraphs b(1), (2) and (3) respecting the quantity of "pure free base" in delineating the degree of the offense, while retaining the overall quantity distinctions for purposes of classification by degree.
[3] The underlined provisions were added, effective June 28, 1988, by L. 1988, c. 44, § 2.
[4] The grading provisions of theft are not in the specific chapter 20 section relating to the substantive offense. The grading provisions for kidnapping are embodied in N.J.S.A. 2C:13-1c, a separate subsection of the section relating to kidnapping, N.J.S.A. 2C:13-1, and the grading provision for robbery, N.J.S.A. 2C:15-1b, is in a separate subsection of N.J.S.A. 2C:15-1. See State v. Catlow, supra. Here, the indictment alleged the relevant quantity and quality and the relevant subsection of N.J.S.A. 2C:35-5b, N.J.S.A. 2C:35-5b(1), sufficient to place defendant on notice of the degree and sentence consequences. See, e.g., United States v. Gibbs, 813 F.2d 596, 599-601 (3rd Cir.1987), cert. denied, 484 U.S. 822, 108 S.Ct. 83, 98 L.Ed.2d 45 (1987); State v. Catlow, supra.