257 N.J. Super. 1 (1992)
607 A.2d 1312
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JOANNA EDWARDS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1992.
Decided June 2, 1992.
*2 Before Judges PETRELLA and KESTIN.
Edward P. Hannigan, Deputy Public Defender II, argued the cause for appellant (Wilfredo Caraballo, Public Defender, attorney; Edward P. Hannigan, of counsel and on the letter brief).
Karen Fiorelli, Deputy Attorney General, argued the cause for respondent (Robert J. Del Tufo, Attorney General, attorney; Karen Fiorelli, of counsel and on the letter brief).
The opinion of the court was delivered by PETRELLA, P.J.A.D.
A jury found defendant Joanna Edwards guilty of possession of a controlled dangerous substance (CDS) (cocaine). N.J.S.A. 2C:35-10(a)(1). After Edwards' motion for a new trial was denied, she was sentenced to four years in prison.[1] The usual Drug Enforcement and Demand Reduction penalties were imposed and a Violent Crimes Compensation Board penalty was assessed.
On her appeal, Edwards raises the following arguments:
I. It was reversible error for the trial court to fail to instruct the jurors that if the defendant reasonably but mistakenly believed that the substance she possessed was hashish they should, despite the fact that they determined that the substance possessed by her was cocaine, find her guilty of a disorderly persons offense (not raised below).

*3 II. Considering the minute amount of cocaine possessed by the defendant, and considering too her reasonable belief that the substance she possessed was hashish, the sentence imposed upon her constituted an abuse of discretion.
Edwards was arrested on September 30, 1989 at about 12:30 p.m. when a police officer in Neptune Township observed two women, one of them Edwards, fighting on the lawn in front of the police station. The other woman, identified subsequently as Ruby Bass, began to run off as the officer approached. Edwards pointed at Bass and told the officer that "she has hashish." Bass was apprehended and found to have had a piece of crumpled aluminum foil in her mouth which was partially covered by a black substance. Bass was arrested.
Edwards was also arrested for assaulting Bass. A search of Edwards at the police station disclosed that she had an aluminum foil packet in her rear pants pocket. The aluminum foil packet contained a black substance. Tests confirmed that the substance from Edwards' pocket was cocaine. The substance taken from Bass was not a controlled dangerous substance.
Essentially, Edwards now claims on appeal that despite the fact that the substance she possessed turned out to be cocaine, she should only be found guilty of the disorderly persons offense of possession of hashish because of her alleged belief that the substance was hashish. Edwards argues that the language in N.J.S.A. 2C:2-4b,[2] which deals with defenses of ignorance and mistake, supports her position. Thus, notwithstanding that the issue was not raised in the trial court, Edwards asserts that the trial judge erred in failing to instruct the jury that she had to know that the CDS was cocaine before *4 she could be convicted of possession of that controlled dangerous substance. She also argues that the judge erred by failing sua sponte to instruct the jury on the mistake of fact defense in N.J.S.A. 2C:2-4b.
Edwards presented no witnesses nor did she take the stand. Moreover, the record does not otherwise provide a sufficient basis to establish that Edwards even thought that the substance in the aluminum foil removed from her rear pocket contained hashish. When the police officer approached her Edwards stated only that Bass had hashish, and Edwards remained silent as to what, if anything, she herself possessed.
Although we might conclude that Edwards waived her argument based on her claimed mistaken belief by failing to raise the issue in the trial court, see Deerfield Estates, Inc. v. Tp. of East Brunswick, 60 N.J. 115, 120, 286 A.2d 498 (1972); State v. Macon, 57 N.J. 325, 333, 273 A.2d 1 (1971), we have considered it on the merits. We conclude that under the circumstances here, the charge given to the jury did not constitute plain error. R. 2:10-2; State v. Worlock, 117 N.J. 596, 612, 569 A.2d 1314 (1990).
The basis for Edwards' challenge to the jury charge is founded on an incorrect premise. The possessory offense under N.J.S.A. 2C:35-10 is that of possession of a controlled dangerous substance.[3] Thus, the nature of the CDS, like the quantity, is not an element of the offense. In such circumstances the State must prove that the defendant knew that she possessed a controlled dangerous substance. It does not have to prove that a defendant knew precisely what controlled dangerous substance was possessed. See State v. Torres, 236 N.J. Super. 6, 9-13, 563 A.2d 1141 (App.Div. 1989) (in a possession with intent to distribute case the State must prove facts *5 which, although not elements, are relevant to grading of the offense or the sentence imposed, but need not establish that the defendant knew of the quantity or quality).
We hold that the offense for which Edwards was convicted was possession of a controlled dangerous substance. See N.J.S.A. 2C:35-10. The particular substance possessed is relevant only for grading and is not part of the description of the prohibited conduct in the definition of the offense. N.J.S.A. 2C:1-14(h)(3)a; see State v. Torres, supra, 236 N.J. Super. at 13, 563 A.2d 1141; see also State v. Federico, 103 N.J. 169, 174, 510 A.2d 1147 (1986).
The reasoning in Torres, supra, 236 N.J. Super. at 13, 563 A.2d 1141 is entirely persuasive with respect to the "simple possession" offense in N.J.S.A. 2C:35-10. Although Torres considered the construction of N.J.S.A. 2C:35-5 in the context of a charge of possession with intent to distribute, the statutory language of the sections, which essentially deal with the same subject matter, are virtually identical. Both sections rely on the classification of controlled dangerous substances into five categories or schedules. N.J.S.A. 2C:35-2. Moreover, both N.J.S.A. 2C:35-5 and 2C:35-10 initially state the conduct prohibited, then list the applicable grades and penalties, and go on to state that any person who violates the section or subsection with respect to various schedules or types of drugs is guilty of crimes in certain degrees.
Decisions under the counterpart federal statute, 21 U.S.C.A. § 841, have come to a similar conclusion. See, e.g., United States v. Ramirez-Ramirez, 875 F.2d 772, 773-774 (9th Cir.1989); United States v. Kairouz, 751 F.2d 467 (1st Cir.1985); United States v. Lopez-Martinez, 725 F.2d 471 (9th Cir.1984), cert. denied 469 U.S. 837, 105 S.Ct. 134, 83 L.Ed.2d 74 (1984); United States v. Lewis, 676 F.2d 508, 512 (11th Cir.1982), cert. denied 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982); United States v. Rodriguez, 588 F.2d 1003, 1010 (5th Cir.1979); U.S. v. Morales, 577 F.2d 769, 776 (2nd Cir.1978).
*6 In light of our holding, it is clear that the judge correctly instructed the jury on the substantive offense.
With respect to the sentence imposed on Edwards, our review of the record satisfies us that the sentence was an appropriate exercise of sentencing discretion. There is no basis to disturb it. State v. Ghertler, 114 N.J. 383, 555 A.2d 553 (1989); State v. Yarbough, 100 N.J. 627, 498 A.2d 1239 (1985), cert. denied 475 U.S. 1014, 106 S.Ct. 1193, 89 L.Ed.2d 308 (1986); State v. Roth, 95 N.J. 334, 471 A.2d 370 (1984); and State v. Porter, 210 N.J. Super. 383, 396, 510 A.2d 49 (App.Div. 1986), certif. denied 105 N.J. 556, 557, 523 A.2d 191 (1986).
Affirmed.
NOTES
[1] We were advised by defense counsel at oral argument that Edwards was paroled. She was apparently paroled on or about April 21, 1992.
[2] That statute provides:

Although ignorance or mistake would otherwise afford a defense to the offense charged, the defense is not available if the defendant would be guilty of another offense had the situation been as he supposed. In such case, however, the ignorance or mistake of the defendant shall reduce the grade and degree of the offense of which he may be convicted to those of the offense of which he would be guilty had the situation been as he supposed.
[3] N.J.S.A. 2C:35-10 proscribes possession, use or being under the influence, or failure to make unlawful disposition of "a controlled dangerous substance or controlled substance analog."