23-6590
*Johnson v. Garland*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of November, two thousand twenty-four.

Present:
>DEBRA ANN LIVINGSTON,
>>*Chief Judge,*
>PIERRE N. LEVAL,
>DENNY CHIN,
>>*Circuit Judges,*

_____

PAUL ANTHONY JOHNSON,

>*Petitioner,*

>v.                                                     23-6590

MERRICK GARLAND, United States Attorney General,

>*Respondent.*

_____

For Petitioner:                    MARISSA M. WENZEL, Wilmer Cutler Pickering Hale and Dorr, LLP, New York, NY (Alan Schoenfeld, Wilmer Cutler Pickering Hale and Dorr; Aaron J. Aisen, Rosalie Capps, ECBA Volunteer Lawyers Project, Inc. Batavia, NY, *on the brief*).

1

For Respondent: CRAIG A. NEWELL, JR., Senior Litigation Counsel, Office of Immigration Litigation (Jennifer J. Keeney, Assistant Director, *on the brief*), *for* Brian M. Boynton, Principal Deputy Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC.

For Amici Curiae: Andrew Wachtenheim, Immigrant Defense Project, New York, NY, *for* American Immigration Council, Capital Area Immigrants' Rights Coalition, HIAS Pennsylvania, Immigrant Defense Project, National Immigration Project of the National Lawyers Guild, Nationalities Service Center, Pennsylvania Immigration Resource Center, and Professors Kate Evans and Joanne Gottesman

Appeal from a judgment of the Board of Immigration Appeals, No. A040-122-361.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED**.

\* \* \*

Petitioner Paul Anthony Johnson ("Johnson"), a lawful permanent resident, seeks review of a June 7, 2023, decision by the Board of Immigration Appeals ("BIA"), affirming a decision of Immigration Judge ("IJ"), finding him removable for conspiracy to possess cocaine, N.J.S.A. § 2C:35-10(a)(1), and manufacturing and distribution of MDMA, N.J.S.A. §§ 2C:35-5(a)(1), (b)(1). We assume the parties' familiarity with the underlying facts and the procedural history of the case, which we reference only as necessary to explain our decision to **VACATE** and **REMAND**.

In the immigration courts, Johnson contended that his two New Jersey statutes of conviction did not categorically match a federal substance abuse statute as to the identity of covered substances. In the BIA, the government conceded this mismatch but argued that it was irrelevant because the New Jersey statutes were divisible. Because the government conceded categorical

overbreadth before the BIA, the point is treated as established for purposes of this litigation. We assume without deciding that there is a categorical mismatch.

We review *de novo* the following issues on appeal: whether N.J.S.A. § 2C:35-10(a)(1) and N.J.S.A. § 2C:35-5(b)(1) are divisible, and, if so, whether the BIA properly applied the modified categorical approach to find Johnson removable. *Centurion v. Holder*, 755 F.3d 115, 118–19 (2d Cir. 2014); *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). We owe no deference to the BIA's interpretation of state law. *See James v. Mukasey*, 522 F.3d 250, 254 (2d Cir. 2008).

Noncitizens are removable from the United States if they have been convicted under a state law "relating to a controlled substance," 8 U.S.C. § 1227(a)(2)(B)(i), or of an aggravated felony, *id.* § 1227 (a)(2)(A)(iii); *id.* § 1101(a)(43)(B) (defining aggravated felony to include illicit trafficking of controlled substances). In determining whether a noncitizen committed a removable offense, we ask "whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding" offense, without looking to the specific facts of conviction. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013) (citations and internal marks omitted); *see also Stankiewicz v. Garland*, 103 F.4th 119, 125–26 (2d Cir. 2024); *Chery v. Garland*, 16 F.4th 980, 983–84 (2d Cir. 2021); *United States v. Chaires*, 88 F.4th 172, 177–78 (2d Cir. 2023). If there is no categorical match, the court must decide whether the statute of conviction is "divisible," in which case the "modified categorical approach" applies. *Descamps v. United States*, 570 U.S. 254, 263–64 (2013). The modified categorical approach looks to the record documents (the indictment, jury instructions, or plea agreement) to determine if the noncitizen has been convicted of a removable offense. *See Mathis v. United States*, 579 U.S. 500, 518–19 (2016); *Descamps*, 570 U.S. at 261–62. "A divisible statute is one that lists elements in the alternative, and, in doing so, creates a separate crime associated with each alternative element."

*See Harbin v. Sessions*, 860 F.3d 58, 64 (2d Cir. 2017). By contrast, "an indivisible statute creates only a single crime," *id.*, but it may "spell[] out various factual ways of committing some component of the offense," *Mathis*, 579 U.S. at 506. An element is what "the jury must find beyond a reasonable doubt to convict the defendant" or "what the defendant necessarily admits when he pleads guilty." *Id.* at 504. Means are various manners by which a defendant can commit a crime—a jury need not reach unanimity on means to convict. *Harbin*, 860 F.3d at 64. When the alternative possibilities are merely different means of committing the crime, and are not alternative elements, the statute represents a single crime and is not divisible. To determine divisibility, courts may look to the statutory text and state court decisions interpreting it. *Mathis*, 579 U.S. at 517–19 (explaining that courts look to the record of conviction only if these materials do not clarify divisibility); *see Harbin*, 860 F.3d at 64–67.

**1. N.J.S.A. § 2C:35-5(b)(1)**

To determine whether N.J.S.A. § 2C:35-5(b)(1) is divisible, we begin with the text. At the time of Johnson's conviction for distribution of MDMA, New Jersey made it unlawful "[t]o manufacture, distribute or dispense, or to possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled substance analog." N.J.S.A. § 2C:35-5(a)(1) (2021). If the controlled substance was five ounces or more of "[h]eroin, or its analog, or coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof," a defendant was "guilty of a crime of the first degree." *Id.* § 2C:35-5(b)(1). This provision suggests that the statute creates one crime but provides different means by which to commit it—by possessing, distributing, or manufacturing heroin *or* coca leaves. *See Mathis*, 579 U.S. at 506 (finding indivisibility where a "jury could convict even if some jurors 'conclude[d] that the defendant used a knife' while others

4

'conclude[d] he used a gun,' so long as all agreed that the defendant used a 'deadly weapon' " (citations and internal marks omitted)); *Harbin*, 860 F.3d at 65; *Stankiewicz*, 103 F.4th at 129–130.

Our reading of N.J.S.A. § 2C:35-5(b)(1) is bolstered by its statutory structure. The Supreme Court has explained that "[i]f statutory alternatives carry different punishments, . . . they must be elements." *Mathis*, 579 U.S. at 518 (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)). Thus, non-variability of sentence is a factor as to the divisibility analysis. *See, e.g.*, *Harbin*, 860 F.3d at 65 (finding NYPL § 220.31 not divisible as to substances in part because the penalty, while differing depending on a defendant's prior criminal history, did not differ based on the substance possessed). Here, N.J.S.A. § 2C:35-5(b)(1) punishes violations as a crime in the first degree, regardless of whether the defendant possessed coca leaves or heroin or any salt, compound, derivative, or analog. The statutory alternatives alter punishment by quantity and category of the substance possessed, but not by which substance within subsection (b)(1) a defendant specifically possessed. *See, e.g.*, N.J.S.A. §§ 2C:35-5(b)(2)-(3) (decreasing punishment by amount possessed of a substance "referred to in paragraph (1)"); *id.* § 2C:35-5(b)(4) (penalizing possession of narcotics listed in Schedule I or II other than those listed in the section). This structure supports our interpretation of the text that the statute is not divisible. *See Harbin*, 860 F.3d at 65; *see also United States v. Cantu*, 964 F.3d 924, 931 (10th Cir. 2020) (finding specific drug possessed was not an element where a statute increased penalties by drug category but not by the individual substances listed within each category).

Because the statute "on its face . . . resolve[s] the issue" of divisibility, we need not look to requisite state court decisions for clarification. *Mathis*, 579 U.S. at 517–19. But even if we were to consider such decisions, they do not "definitively answer[]" divisibility. *Id.* Johnson

argues that *State v. Torres*, a New Jersey appellate court decision, establishes that "quantity and quality [of a controlled substance] are not elements" of § 2C:35-5(b)(1). 236 N.J. Super. 6, 13 (App. Div. 1989). However, *Torres* concerned only a defendant's *knowledge* of quantity or quality, which subsequent discussions of the case have confirmed.[1] In arguing to the contrary, the government cites to New Jersey cases that sustained multiple convictions under § 2C:35-5(b)(1) for a single act involving more than one type of substance. But as we have explained, the "unit of prosecution" analysis is conceptually distinct from the categorical approach, as it asks " 'whether conduct constitutes one or several violations of a single statutory provision.' " *Smith v. Garland*, No. 21-6278-AG, 2023 WL 7147426, at *3 (2d Cir. Oct. 31, 2023) (summary order) (quoting *Callanan v. United States*, 364 U.S. 587, 597 (1961)). The mere fact that the government can bring multiple charges for transactions involving more than one drug does not necessarily mean drug identity is a required element. *Stankiewicz*, 103 F.4th at 130.

In sum, the text of § 2C:35-5(b)(1) establishes that drug identity is not an element of a violation; therefore, at least as to the particular drug involved, this subsection of § 2C:35-5 identifies a single offense and is indivisible. We note that in reaching its conclusion, the BIA also relied on New Jersey's model jury instructions and Johnson's record of conviction. Having concluded that the statutory text establishes indivisibility, however, we need not consult such secondary sources. *See Mathis*, 579 U.S. at 518 (explaining that courts look to record documents only

---

[1] *See id.* at 13 ("[T]he State need not prove and the jury need not find that the defendant knew the quantity or the quality of the controlled dangerous substances involved."); *e.g.*, *State v. Moore*, 304 N.J. Super. 135, 145 (App. Div. 1997) (reading *Torres* to hold that "the State does not have to prove that the defendant knew how much he possessed"); *State v. Edwards*, 257 N.J. Super. 1, 4 (App. Div. 1992) (noting the state "does not have to prove that a defendant knew precisely what controlled dangerous substance was possessed"); *State v. Pelleteri*, 294 N.J. Super. 330, 334–35 (App. Div. 1996) (discussing knowing possession).

if state law fails to provide clear answers); *Harbin*, 860 F.3d at 67 (same). Accordingly, the agency should not have looked to the record of conviction to determine the controlled substance at issue.

### 2. N.J.S.A. § 2C:35-10(a)(1)

At the time of Johnson's conviction for possession of cocaine, New Jersey made it unlawful for "any person, knowingly or purposely, to obtain, or to possess, actually or constructively, a controlled dangerous substance or controlled substance analog." N.J.S.A. § 2C:35-10(a) (2000). Violating the statute with respect to a controlled substance or its analog "classified in Schedule I, II, III or IV" was punishable as a crime of the third degree. *Id.* § 2C:35-10(a)(1).

Johnson's statute of conviction is similar to the one we found indivisible in *Harbin*, 860 F.3d at 61–68. The statute in *Harbin* creates only a single crime penalizing the sale "of a controlled substance." *Harbin*, 860 F.3d at 64; NYPL § 220.31. The state schedules, which clarify which substances in the statute are "controlled," provide means of violating the law. *Harbin*, 860 F.3d at 65; NYPL § 220.00(5). In *Harbin*, we found NYPL § 220.31 was not divisible because the law did not indicate that "a jury must agree on the particular substance sold" to convict. *Harbin*, 860 F.3d at 65. Here, too, a jury need not decide *which* substance a defendant possessed to convict him—only that the substance falls within Schedules I-IV. *See* N.J.S.A. § 2C:35-10(a)(1) (2000); *Descamps*, 570 U.S. at 273; *Mathis*, 579 U.S. at 509, 517–18; *Stankiewicz*, 103 F.4th at 130.

The law's penalty provisions further support the conclusion that the specific drug possessed is a means of violating N.J.S.A. § 2C:35-10(a)(1). The government argues that the type or schedule of drug possessed is relevant to determining which subsection of § 2C:35-10(a) applies. We do not disagree. At the same time, the requisite penalty does not differ depending on the specific

7

substance possessed *within* that category.   *See* N.J.S.A. § 2C:35-10(a)(1) (punishing possession of a Schedule I, II, III, or IV drug equally); *see also id.* § 2C:35-10(a)(2) (penalizing possession of "any" drug classified in Schedule V as a crime in the fourth degree).   N.J.S.A. § 2C:35-10(a)(1) does not distinguish between a drug in Schedule I as opposed to Schedule III for the consequences of conviction.   This factor favors indivisibility.   For the above reasons, we conclude that the statute is not divisible.   *See Apprendi*, 530 U.S. at 490; *see also Stankiewitz*, 103 F.4th at 130.

Because the statutory text sufficiently answers the question of divisibility, we need not consult state court decisions nor the record of conviction.[2]   *Mathis*, 579 U.S. at 517–19; *Smith*, 2023 WL 7147426, at *4.   Section § 2C:35-10(a) is therefore indivisible.

*         *         *

In sum, N.J.S.A. § 2C:35-10(a)(1) and § 2C:35-5(b)(1) are indivisible.   Because the government has conceded categorical overbreadth as to both, Johnson is not removable.   Accordingly, the petition for review is **GRANTED**. The agency's ruling is **VACATED**, and this matter is **REMANDED** for proceedings consistent with this decision.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] In their analyses of state court decisions and the record, the parties present variations of their analyses of N.J.S.A § 2C:35-5.   We reject those arguments for the same reasons iterated above.   Johnson misreads *State v. Edwards*, which concerned whether the state must prove "a defendant *knew* precisely what controlled dangerous substance was possessed," not whether specific drug identity is an element of N.J.S.A. § 2C:35-10(a)(1).   *Edwards*, 257 N.J. Super. at 4 (emphasis added).   The government's unit of prosecution cases do not clearly resolve the inquiry under the categorical approach, as the government itself concedes.   *See Stankiewicz*, 103 F.4th at 130 (distinguishing between the means/elements inquiry and unit of prosecution analysis).